Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500
jpj@lemonbuyback.com
ryan@lemonbuyback.com

Attorneys for Plaintiff
MICHAEL HAYES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAYES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNTIVE RELIEF**<br>**Violations of:**<br>• **Song–Beverly Consumer Warranty Act**<br>• **Magnuson–Moss Warranty Act**<br>• **Breach of Express Warranty**<br>**JURY TRIAL DEMANDED** |

Plaintiff alleges at all relevant times:

## JURISDICTION

1. This Court has federal question jurisdiction under Title 15 U.S.C. § 2310(d), and Title 28 U.S.C. § 1331 as well as supplemental jurisdiction over plaintiff's state law claims under Title 28 U.S.C. 1367. The amount in controversy exceeds $50,000.00, exclusive of costs and interest.

## PARTIES

2. Plaintiff Michael Hayes (hereinafter "Plaintiff"), at all times relevant, was and still is a competent adult residing in San Joaquin County California.

3. Defendant FCA US LLC (hereinafter "FCA"), at all times relevant, was and is a Delaware Corporation with its principal place of business in Auburn Hills, Michigan.

## FACTS COMMON TO ALL COUNTS

4. On or about February 1, 2015, Plaintiff purchased a brand new 2015 Ram 1500, VIN: 1C6RR7NM8FS589210 in California from AutoNation Chrysler Dodge Jeep Ram, which was manufactured and/or distributed, and warranted, by FCA.

5. In connection with the transaction, FCA issued to Plaintiff express warranties within the meaning of Cal. Civ. Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express warranties, FCA promised that the Vehicle's materials and workmanship would be free of defects, undertook to preserve and maintain the utility and performance of the Vehicle, and to provide compensation if there is any failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Vehicle.

6. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

7. Subsequent to Plaintiff's purchase, the Vehicle exhibited numerous defects and nonconformities covered by the warranties, which substantially impair the use, value, and safety of the Vehicle to Plaintiff. The defects and nonconformities include, but are not limited to the following (mostly written by the servicing dealer):

| Problems | Date | Odo. | Days | RO # |
|---|---|---|---|---|
| **Engine** - Customer states check for a knocking noise or pinging when first accelerating. Check and warm. Unable to duplicate this condition. | 11/07/2016 | 35,425 | 1 | CHCS10317 |
| **Engine** - *2nd Repair Attempt* - VERIFIED - Customer states the vehicle is making knocking, pinging noise and twice it made a loud screeching noise, also at times the idle is rough, check and advise. Vehicle has loud lower end noise and loss of power tech. Leak test cylinders found 20% leakage. Also removed oil pan and inspected main bearings found to be scored per power train rec to install long block. Tech removed engine and transferred all parts and reinstalled engine road tested operating as designed at this time. | 11/30/16 | 37,193 | 32 | CHCS10725 |
| **Engine** - *2nd Repair Attempt* - VERIFIED - Customer states that while doing normal street driving vehicle revs too high on | | | | |

2

Hayes v. FCA US LLC    Complaint

| | | | | |
|---|---|---|---|---|
| acceleration before it kicks into next gear. Check and advise. See repairs above. | | | | |
| **Engine** - *3rd Repair Attempt* - VERIFIED - Coolant leak after engine install. After engine install found coolant leak from valley of engine. Tech removed intake and pressurized cooling system and found one of valley freeze plugs leaking under pressure re to replica and recheck. Tech replaced faulty freeze plug and reassembled and retested no leaks found vehicle operating as designed at this time.<br><br>**Battery** - VERIFIED - Vehicle will not start. After engine install found battery to not accept charge. Tested with GR8. Replaced battery now operating as designed. | 1/10/2017 | 37,193 | 7 | CHCS11441 |
| **Check Engine Light** - *1st Repair Attempt* - VERIFIED - Customer states check for service light coming on. Engine replaced on vehicle. Check and report with findings. Found after engine change oil light was not reset. Tech reset light and put next oil change sticker on front windshield.<br><br>**Alarm System** - VERIFIED - Customer states remote not disarm system. Lock/unlock door also inop. Check and report with findings. Found 1 on the 2 key fob to have unlock function non-op rec to replace fob and recheck. RFH system now operating as designed.<br><br>**Brake** - Customer states check for brake pedal very stiff when concern about alarm system is active. Check and report with findings. Could not duplicate brake concern. | 03/06/17 | 40,212 | 11 | CHCS12707 |
| **Suspension** - VERIFIED - Customer states check for front suspension noise. Check and report with findings. Verify customers concern. Found lower cross member loose. Correct all cross member bolts and rechecked front diff mounts and p/s rack mounts. All tight. Release back to customer. | 05/19/17 | 43,196 | 1 | CHCS14192 |
| **Check Engine Light** - *2nd Repair Attempt* - VERIFIED - Customer states check engine light on and lacks power. Check and advise. Verify customers concern but no | 08/09/17 | 46,788 | 3 | CHCS16214 |

| | | | | |
|---|---|---|---|---|
| power loss. Just needs a battery. | | | | |
| **Engine - *4th Repair Attempt*** – Customer states a loud knocking, pinging noise upon acceleration and decel when cold. Lodi Dodge installed motor previously. States making same noise as before when the motor needed to be replaced. Check and advise. Road tested multiple times unable to duplicate at this time. | 02/05/18 | 56,373 | 10 | 156718 |
| **Engine - *5th Repair Attempt*** - VERIFIED - Customer states motor stopped running. Died out and now will not start. Motor previously replaced at Lodi Dodge. Check and advise. Customer concern verified, attempted to turn engine over by hand. Engine is seized. Removed lower oil pan for inspection. Found Rod cap debris in pan. Engine will need to be replaced to correct concern. Digital imagine taken and submitted claim to PTC. Long block assembly. | 03/12/18 | 56,992 | 20 | 160142 |

8. Plaintiff delivered the nonconforming Vehicle to FCA and/or its authorized repair facilities for repairs pursuant to the terms of the warranties. FCA has failed to repair the Vehicle, or replace the Vehicle or provide restitution after a reasonable number of repair attempts.

**FIRST CAUSE OF ACTION**
**Breach of Cal. Civ. Code § 1793.2(d)—Song–Beverly Consumer Warranty Act Against FCA**

9. Plaintiff incorporates all preceding paragraphs.

10. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

11. The Vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

12. FCA is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

13. Plaintiff's purchase of the Vehicle was a "sale" as defined by Cal. Civ. Code § 1791(n).

14. FCA violated the Song–Beverly Consumer Warranty Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts or within the warranty periods, and by failing to promptly replace the Vehicle or make restitution to Plaintiff.

15. The above-described defects, malfunctions, and nonconformities substantially impair the use, value, and safety of the Vehicle.
16. Plaintiff has not made unreasonable or unintended use of the Vehicle.
17. Pursuant to Cal. Civ. Code § 1793.2(d), FCA must refund the price of the Vehicle to Plaintiff.
18. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.
19. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $56,927.87 according to proof.
20. The failure of FCA to comply with the Song–Beverly Act was willful in that FCA had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund.
21. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.
22. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

**SECOND CAUSE OF ACTION**
**Breach of Cal. Civ. Code § 1793.2(b)—Song–Beverly Consumer Warranty Act Against FCA**

23. Plaintiff incorporates all preceding paragraphs.
24. Pursuant to Cal. Civ. Code § 1793.2(b), FCA's authorized repair facility was required to repair the Vehicle within 30-days, but failed to complete repairs within 30-days so as to conform the Vehicle to the applicable express warranties.
25. Plaintiff did not agree in writing to extend the number of days FCA's authorized repair facility had to complete the repairs so as to conform the Vehicle to the applicable express warranties.
26. FCA's delay in repairing the Vehicle within 30-days was not caused by conditions beyond its control.

27. As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $56,927.87.

28. The failure of FCA to comply with the Song–Beverly Act was willful in that FCA had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but failed to promptly repair the Vehicle.

29. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

30. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### THIRD CAUSE OF ACTION
**Breach of Cal. Civ. Code § 1791.1(a)—Song–Beverly Consumer Warranty Act Against All Defendants**

31. Plaintiff incorporates all preceding paragraphs.

32. Pursuant to Cal. Civ. Code § 1792, the Vehicle was accompanied by each defendant's implied warranty that the goods are merchantable.

33. Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, each defendant may not disclaim, limit, or modify the implied warranties provided by the Song–Beverly Act.

34. Each defendant breached the implied warranty of merchantability as stated in Cal. Civ. Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Vehicle unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

35. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

36. As a direct and proximate result of said breach of implied warranty, Plaintiff has sustained and continues to sustain, actual, incidental and consequential damages in the approximate amount of $56,927.87 according to proof.

37. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## FOURTH CAUSE OF ACTION
### Violations of the Magnuson–Moss Warranty Act
### Against FCA

38. Plaintiff incorporates all preceding paragraphs.

39. The Vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

41. FCA is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. §§ 2301(4) and (5).

42. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

43. In accordance with FCA's express written warranty, Plaintiff delivered the Vehicle to FCA's authorized repair facility to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, FCA's authorized repair facility failed to repair the Vehicle so as to conform the Vehicle to its express written warranty on each occasion.

44. Additionally, the provisions of Cal. Civ. Code §§ 1793.2(d), and (b) existed at the time FCA gave the express warranty to Plaintiff, and for that reason those provisions were and are incorporated into the terms of the express written warranty by operation of California Law. *Swenson v. File*, 3 Cal.3d 389, 393 (1970); *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, FCA's violations of Cal. Civ. Code §§ 1793.2(d), and/or (b) are a breach of FCA's express written warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

45. Pursuant to 15 U.S.C. § 2310(d), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages under Cal. Civ. Code § 1794. Plaintiff revokes acceptance of the Vehicle and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

46. As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $56,927.87.

47. The failure of FCA to comply with its obligations under the express written warranty was willful in that FCA had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund.

48. Pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

49. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### FIFTH CAUSE OF ACTION
### Breach of Implied Warranty—Magnuson–Moss Warranty Act
### Against All Defendants

50. Plaintiff incorporates all preceding paragraphs.

51. Pursuant to 15 U.S.C. § 2301(7), the breaches by each defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson–Moss Warranty Act.

52. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

53. As a proximate result of the breaches of implied warranties, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $56,927.87.

54. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### SIXTH CAUSE OF ACTION
### Breach of Express Warranty
### Against FCA

55. Plaintiff incorporates all preceding paragraphs.

56. In accordance with FCA's express written warranty, Plaintiff delivered the Vehicle to FCA's authorized repair facility to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, FCA's authorized repair facility failed to repair the Vehicle so as to conform the Vehicle to its express written warranty on each occasion.

57. Additionally, the provisions of Cal. Civ. Code §§ 1793.2(d), and (b) existed at the time FCA gave the express warranty to Plaintiff, and for that reason those provisions were and are incorporated into the terms of the express written warranty by operation of California Law. *Swenson v. File*, 3 Cal.3d 389, 393 (1970); *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, FCA's violations of Cal. Civ. Code §§ 1793.2(d), and/or (b) are a breach of FCA's express written warranty.

58. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

59. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $56,927.87 according to proof.

60. The failure of FCA to comply with its express written warranty was willful in that FCA had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties, but repeatedly refused to make necessary repairs to conform the Vehicle to the express warranty provided.

61. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

62. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## PRAYER FOR RELIEF

(1) A declaration that the sales contract is rescinded;

(2) A declaration that FCA has been given a reasonable number of repair attempts and/or days to conform the Vehicle to the warranty;

(3) Actual damages according to proof;

(4) Restitution of all consideration given by Plaintiff and/or paid out toward the Vehicle;

(5) Civil penalties under the Song-Beverly Act in the amount of two times actual damages;

(6) Reasonable attorneys' fees according to proof;

(7) Costs and expenses reasonably incurred in connection with this action; and

(8) Such other relief as the Court deems just and proper.

Dated: June 20, 2018

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
MICHAEL HAYES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: June 20, 2018

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
MICHAEL HAYES